UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McCARVER,

    Plaintiff,

v.

TARGET STORES, INC., a Foreign Profit Corporation, individually and d/b/a TARGET STORE #279

TARGET CORPORATION, a Foreign Profit Corporation, individually and d/b/a TARGET STORE #279

    Defendants.

Case No. 2:21-cv-11591

Judge

---

| | |
|---|---|
| BRIAN L. FANTICH (P60935)<br>CARRA J. STOLLER (64540)<br>ADAM J. GANTZ (P58558)<br>Law Office of Kelman & Fantich<br>Attorneys for Plaintiff<br>30903 Northwestern Hwy., Suite 270<br>Farmington Hills, MI 48334<br>(248) 855-0100 / (248) 855-3557 (fax) | KENNETH P. WILLIAMS (P55790)<br>Segal, McCambridge Singer & Mahoney<br>Attorney for Defendants<br>29100 Northwestern Hwy., Suite 240<br>Southfield, MI 48034<br>(248) 994-0060 / (248) 994-0061 (fax)<br>kwilliams@smsm.com |

---

## DEFENDANTS' ANSWER TO COMPLAINT
## DEFENDANTS' SPECIAL AND/OR AFFIRMATIVE DEFENSES

NOW COME the Defendants, TARGET STORES, INC. and TARGET CORPORATION, by and through their attorneys, SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., by Kenneth P. Williams, and for Answer to Complaint, states as follows:

1. In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

2. In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

3. In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

4. In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

5. In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

6. In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

7. In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

8. In answer to paragraph 8, Defendants deny the allegations contained therein for the reason they are not true.

9. In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

10. In answer to paragraph 10, including subparagraphs (a) through (d), Defendants deny the allegations contained therein for the reason they are not true.

11. In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

12. In answer to paragraph 12, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

13. In answer to paragraph 13, Defendants deny the allegations contained therein for the reason they are not true.

14. In answer to paragraph 14, Defendants deny the allegations contained therein for the reason they are not true.

15. In answer to paragraph 15, including subparagraphs (a) through (f), Defendants deny the allegations contained therein for the reason they are not true.

16. In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

17. In answer to paragraph 17, Defendants deny the allegations contained therein for the reason they are not true.

18. In answer to paragraph 18, Defendants deny the allegations contained therein for the reason they are not true.

19. In answer to paragraph 19, Defendants deny the allegations contained therein for the reason they are not true.

20. In answer to paragraph 20, Defendants deny the allegations contained therein for the reason they are not true.

21. In answer to paragraph 21, Defendants deny the allegations contained therein for the reason they are not true.

WHEREFORE, Defendants, TARGET STORES, INC. and TARGET CORPORATION, respectfully request that this Honorable Court enter a judgment of no cause for action, together with an Order dismissing Plaintiff's Complaint with prejudice and awarding costs and fees so wrongfully incurred in the defense of this matter.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By: /s/ Kenneth P. Williams
KENNETH P. WILLIAMS (P55790)
Attorney for Defendants
29100 Northwestern Hwy., Suite 240
Southfield, MI 48034
248-994-0060

Dated: July 7, 2021

**DEFENDANTS' SPECIAL AND/OR AFFIRMATIVE DEFENSES**

NOW COME Defendants, TARGET STORES, INC. and TARGET CORPORATION, by and through their attorneys, SEGAL MCCAMBRIDGE SINGER & MAHONEY, by KENNETH P. WILLIAMS, and hereby assert as his Special and/or Affirmative Defenses, if applicable, the following:

1. The Plaintiff has failed to state a claim upon which relief can be granted pursuant to the Michigan Court Rules and the law of the state.

2. The Plaintiff has failed to mitigate his damages.

3. The Plaintiff has not sustained a serious impairment of body function or a serious permanent disfigurement as a result of the subject accident, and therefore, the claim for non-economic damages is barred by the Michigan No-Fault Act, being MCL 500.3135.

5

4. The injuries and damages allegedly sustained by the Plaintiff, if any, were proximately caused by the negligence, gross negligence, and/or willful or wanton misconduct of the Plaintiff and/or others not including these Defendants.

5. The negligence, gross negligence, and/or willful or wanton misconduct of the Plaintiff and/or others not including the Defendants acted as an intervening cause sufficient to warrant any claim against the Defendants.

6. The injuries and damages allegedly sustained by the Plaintiff did not arise out of the subject accident and therefore were not in any way related to the accident.

7. The Plaintiff's claim is barred by the Michigan Statute of Limitations and/or other applicable period of limitations.

8. The Defendants deny they breached any duties and further deny negligence in any manner but state that all legal duties and obligations imposed by operation of law and otherwise were strictly observed, and that all of the Defendants' actions were careful, prudent, proper and lawful.

9. The Plaintiff assumed the risk of any injury or damage which logically and naturally flowed from their negligent conduct in failing to act as a reasonable person under the circumstances there existing, thus absolving Defendants from any liability in this matter.

10. The injuries and damages claimed by the Plaintiff are not related to, connected with, or caused by any action or lack of action on the part of the Defendants or any other person for whose action the Defendants may be legally responsible.

11. The Plaintiff's comparative negligence in proximately causing the accident exceeds 50 percent, and therefore, the claim for non-economic damages is barred as a matter of law pursuant to Michigan statute, and any claim for excess economic damages must be reduced by the percentage of Plaintiff's comparative fault.

12. This Court lacks jurisdiction of the subject matter.

13. This Court lacks jurisdiction over the Defendants.

14. The venue is improper and/or the forum is inconvenient, and Defendants reserve the right to file a motion relating thereto.

15. All damages sustained by the Plaintiff must be reduced by Plaintiff's comparative fault.

16. If the Defendants are determined to be responsible for any damages sustained by the Plaintiff, which the Defendant denies, said Defendant's liability is proportional to the percentage of fault, only.

17. The Plaintiff suffered from a pre-existing condition which, in whole or in part, did not arise out of the subject accident and/or was not aggravated by the subject accident.

18. There is no viable cause of action for loss of earning capacity against the Defendants as a matter of law.

19. The Plaintiff's claim is barred, in whole or in part by immunity granted by law.

20. The Defendants will show upon Trial that Plaintiff is precluded from recovery pursuant to MCLA 600.2955(a).

21. The sole proximate cause, or at least a contributing cause, of the damages and/or injuries complained of by the Plaintiff was the negligence and/or comparative negligence of yet unidentified third parties.

22. Any damages sought by the Plaintiff for economic loss, including but without limitation, medical expenses, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, were paid or payable by a collateral source, and the Defendants, therefore, are entitled to a set-off or a credit for the amount of these damages, in accordance with the statutes in such case made and provided, including MCL 600.6303.

23. The Plaintiff is barred from recovery for injury to their persons pursuant to MCLA 600.2955(a) for the reason that Plaintiff had an impaired ability to function

due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, Plaintiff was 50% or more the cause of the accident or event that resulted in the claimed injuries.

24. All or part of the claim is barred by the Michigan No-Fault Act, including but not limited to MCLA 500.3145(1) and (2).

25. The Defendant is are entitled to a credit or set off for any governmental benefits paid to the Plaintiff pursuant to MCL 500.3109(1).

26. The injuries and damages allegedly sustained by the Plaintiff were not in any way related to the subject accident.

27. The Defendants deny that they breached any of his duties and further deny that Defendants were negligent in any manner, but states that they were guided by and strictly observed all of their legal duties and obligations imposed by operation of law and otherwise and that all of the actions of Defendants' agents, servants and/or employees were careful, prudent, proper and lawful.

28. The Plaintiff's claim is barred by the Michigan Statute of Limitations and/or other applicable period of limitations.

29. The venue in this forum is inconvenient to the parties and witnesses and Defendants object to the same and reserves the right to file a motion relating thereto.

30. The Plaintiff's claim is barred, in whole or in part by immunity granted by law.

31. The Plaintiff's claim is barred based upon a Release executed by Plaintiff.

32. The Defendants reserve the right to add any other special and/or affirmative defenses which may become known or warranted during the course of discovery or investigation.

        SEGAL McCAMBRIDGE SINGER & MAHONEY

By: _____
KENNETH P. WILLIAMS (P55790)
Attorney for Defendants
29100 Northwestern Hwy., Suite 240
Southfield, MI 48034
248-994-0060

Dated:  July 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, a copy of the foregoing was filed and served electronically via the Court's electronic filing system (or, to the extent such service could not be accomplished because the recipients are not yet registered for electronic service, via first-class U.S. Mail, postage prepaid) to the following parties and counsel:

    BRIAN L. FANTICH (P60935)
    CARRA J. STOLLER (64540)
    ADAM J. GANTZ (P58558)
    30903 Northwestern Hwy., Suite 270
    Farmington Hills, MI  48334

        /s/ Kimberly Ollila