UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McCARVER,

        Plaintiff,

                                                Civil Case No. 21-11591
v.                                       Honorable Linda V. Parker

TARGET CORPORATION, a Foreign
Profit Corporation,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)

On June 2, 2021, Plaintiff Jeffrey McCarver ("Plaintiff") filed the instant action against Defendant Target Corporation ("Defendant") in the Wayne County Circuit Court. (ECF No. 1-2 at Pg ID 9.) In the Complaint, Plaintiff appears to allege claims of premises liability and ordinary negligence, and seeks damages in excess of $25,000 for injuries he sustained when he slipped and fell in one of Defendant's stores. On July 7, 2021, Defendant removed the case pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii) and (3)(A). (ECF No. 1.) Presently before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 26.) The matter has been fully briefed. (ECF Nos. 27 and 28.) Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to the parties'

motions pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons stated hereafter, the Court grants in part Defendant's motion for summary judgment.

## BACKGROUND

This action arises out of an incident that took place on March 18, 2019, at Defendant's store in Dearborn, Michigan.  (ECF No. 1-2 ¶ 7, Pg ID 10.)  In his Complaint, Plaintiff alleges that while walking inside Defendant's premises, he

> . . . suddenly and without warning, [] slipped and fell on a slippery, transparent liquid substance that had been allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor[,] and which caused Plaintiff to sustain serious and disabling injuries . . .

(ECF No. 1-2 ¶ 7, Pg ID 10.)  Plaintiff's alleged injuries include but are not limited to, a closed head injury, cognitive deficits, injuries to hips, severe shock, severe humiliation, severe and persistent pain, and loss of full ability to perform the normal vocational and avocational activities of life.  (ECF No. 1-2 ¶ 10, Pg ID 11.)  Accordingly, Plaintiff alleges a claim of premises liability against Defendant.  That liability, Plaintiff contends, is due to Defendant:

    a. Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;
    b. Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;
    c. Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and

> allowing said camouflaged hazard to remain in the area where customers were known to traverse; [and]
> d. Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

(ECF No. 1-2 ¶ 10, Pg ID 11.)  Plaintiff also alleges an ordinary negligence claim against Defendant for the alleged negligent actions/inactions of its employees, pursuant to the doctrine of respondeat superior.  (ECF No. 1-2 ¶ 11, Pg ID 11.)

## APPLICABLE STANDARD

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central inquiry when evaluating a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255.

## ANALYSIS

The parties agree that Plaintiff's claims are governed by Michigan law in this diversity action. *Guthre v. Lowe's Home Ctrs., Inc.*, 204 F.App'x 524, 525 (6th Cir. 2006).

### i.     Ordinary Negligence Claim

Defendant contends that this is a premises liability action only. (ECF No. 26 at Pg ID 253.) In response, Plaintiff maintains he is entitled to relief under both premises liability and ordinary negligence. (ECF No. 27 at Pg ID 424 and 434.) Defendant does not address Plaintiff's claim of ordinary negligence in its motion or reply.

Plaintiff is correct that "Michigan law distinguishes between claims of ordinary negligence and claims premised on conditions of land." *Radney-Maxwell v. Menard, Inc.,* No. 221CV11851TGBKGA, 2023 WL 318444, at *2 (E.D. Mich. Jan. 19, 2023) (citing *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich App. 2012).

> A claim for ordinary negligence is based on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity. A premises liability claim, meanwhile, arises solely from a defendant's duty as an owner or occupier of a premises.

*Id*. (internal quotations and citations omitted).

Importantly, however, claims for both premises liability and ordinary negligence may only be maintained in certain circumstances. *Radney-Maxwell v. Menard, Inc.,* No. 221CV11851TGBKGA, 2023 WL 318444, at *3 (E.D. Mich. Jan. 19, 2023). For example, the Michigan Court of Appeals has found both a claim of premises liability and ordinary negligence in circumstances where there is specific *conduct* by a defendant that led to the injury, in addition to a hazard on its premises. *Id*. *See Pernell v. Suburban Motors Co., Inc.*, 2013 WL 1748573 (Mich. App. Apr. 23, 2013) (holding that plaintiff could maintain a claim of ordinary negligence in addition to premises liability where an employee of the auto dealership led her to the area where the potentially dangerous accumulation of fluids was); *Sundberg v. Oberstar, Inc.*, 2020 WL 6685075 (Mich. App. Nov. 12, 2020) (holding that plaintiff could maintain a claim of both premises liability and ordinary negligence where the employee negligently directed plaintiff towards the dangerous drop-off area after inquiring where the bathroom was located). "Simply alleging that [the] defendant created the condition does not 'transform the claim into one for ordinary negligence." *Radney-Maxwell*, 2023 WL 318444, at *3

(citing *Jahnke v. Allen*, 865 N.W.2d 49, 51-52 (Mich. App. 2014) and *Buhalis*, 822 N.W.2d at 254) (internal quotations omitted). In other words, to survive summary judgment based on an ordinary negligence claim in a slip and fall context, a plaintiff must present facts that a defendant or its employees engaged in "affirmative conduct" that "caused or contributed to plaintiff's injury." *Ramadan v. Home Depot, Inc.*, 504 F. Supp. 3d 695, 706 (E.D. Mich. 2020) (quoting *England v. Meijer, Inc.* No. 322065, 2015 WL 6161735, at *4 (Mich. Ct. App. Oct. 20, 2015) (holding that plaintiff could not bring an ordinary negligence claim by alleging that "defendant had a duty to clean up a spill within a reasonable time.").

The Complaint does not adequately delineate between Plaintiff's claims of premises liability and ordinary negligence—allegations of conditions on the land versus discrete conduct. *See e.g., Ramadan*, 504 F. Supp. 3d at 707. In seeking summary judgment, Defendant only addresses premises liability. Regardless, a review of the record produces no evidence or allegations of any *affirmative conduct* by a Target employee that would give rise to a claim for ordinary negligence. Therefore, Plaintiff must show cause within 14 days as to why his claim of ordinary negligence should not be dismissed.

ii. **Premises Liability Claim**

Next, Defendant contends that Plaintiff's premises liability claim fails because the substance over which Plaintiff tripped was "open and obvious." The

duty a landowner owes an individual that enters their land depends upon whether that individual is a trespasser, licensee, or invitee. *Hall v. IKEA Prop. Inc.,* 171 F. Supp. 3d 634, 641 (E.D. Mich. 2016) (citing *Schultz v. Consumers Power Co.*, 506 N.W.2d 175 (Mich. 1993)). Both parties agree that Plaintiff was an invitee. (Def.'s Mot., ECF No. 26 at Pg ID 262; Pl.'s Resp. Br., ECF No. 27 at Pg ID 424.)

"Generally, the landowner's duty is to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Mosqueda v. Fam. Dollar Stores of Michigan, LLC*, 592 F. Supp. 3d 616, 621 (E.D. Mich. 2022) (citing *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995)). However, " . . . that duty generally does not include protection from "open and obvious" dangers." *Id*. (citing *Lugo v. Ameritech Corop.*, 629 N.W.2d 384, 386 (Mich. 2001). As summarized by the Michigan Supreme Court:

> [I]f the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.

*Bertrand*, 537 N.W.2d at 187.

An open and obvious condition is one "that an average person with ordinary intelligence would have discovered . . . upon casual inspection." *Wimberly v.*

7

*Forman Mills, Inc.*, 574 F. App'x 621, 622 (6th Cir.2014) (quoting *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94–95 (Mich. 2012). It is an objective test. *See Joyce v. Rubin*, 642 N.W.2d 360, 364 (Mich. Ct. App. 2002); *see also Lugo,* 629 N.W.2d at 390 (explaining that the degree to which the plaintiff was paying proper attention is immaterial to the question of whether the condition of the premises was open and obvious). However, liability may still be imposed—even if the danger is open and obvious—if there are "special aspects" to the condition such that there is still an unreasonable risk of harm. *Joyce,* 642 N.W.2d at 365 (citing *Lugo,* 629 N.W.2d at 384).

In response to Defendant's motion for summary judgment, Plaintiff asserts first, that the hazard was not open and obvious (ECF No. 27 at Pg ID 424) and second, that even if the hazard was open and obvious, it was effectively unavoidable (ECF No. 27 at Pg ID 429). The Court will address each argument in turn.

### a. The Hazard Was Not Open and Obvious

Discovery revealed that the substance Plaintiff slipped on was a pink and soapy substance on the floor. (ECF No. 26 at Pg ID 267-268.) The parties do not dispute this characterization of the substance. (Pl. Dep., ECF No. 26-4 at Pg ID 360-361.) Importantly, Plaintiff testified that prior to his slip and fall, he saw the pink substance on the floor, and intentionally avoided it while walking down the

aisle. (Pl. Dep., ECF No. 26-4 at Pg ID 360.) Video surveillance submitted to the Court corroborates this testimony. Plaintiff's explanation for why he did not avoid the substance on his way back down the aisle, is because he was carrying a television which allegedly obstructed his view. (ECF No. 27 at Pg ID 426.) This, Plaintiff asserts, dispels with Defendant's argument that the hazard was open and obvious. (ECF No. 27 at Pg ID 426.) The Court disagrees.

As previously mentioned, an open and obvious condition is one "that an average person with ordinary intelligence would have discovered . . . upon casual inspection." *Wimberly,* 574 F.Appx' at 622 (quoting *Hoffner,* 821 N.W.2d at 94–95. Plaintiff admits that he saw the pink substance and actively avoided walking through it prior to his slip and fall. As such, the hazard was clearly open and obvious. Moreover, the Michigan Court of Appeals has held that when a plaintiff or other eyewitness admits that a hazard is visible even *after* an incident, this reinforces that the condition was open and obvious under an objective standard. *See Richard v. Meijer, Inc.,* No. 342766, 2019 WL 1780670, at *6 (Mich. Ct. App. Apr. 23, 2019) (unpublished). Therefore, Plaintiff's admission he saw the pink substance *beforehand,* lends to the open and obvious nature of the hazard.

Further, the fact Plaintiff had a television in his hand allegedly obstructing his view does not alter the result of this analysis. In *Bradfield v. Meijer, Inc.*, the Michigan Court of Appeals held that the metal strip at the bottom of a sign the

9

plaintiff tripped over was still open and obvious despite the fact her view was obstructed by the groceries in her hand. 2006 WL 708145, at *2 (Mich. Ct. App. Mar. 21, 2006) (unpublished). The court reasoned that the obstruction to her view was not a special aspect of the condition itself. *Id*. This Court agrees, and accordingly, Plaintiff's argument fails as to this point. As such, there is no question of fact as to the open and obvious nature of the pink substance.

### b. The Hazard Was Effectively Unavoidable

Next, Plaintiff argues that even if the pink substance was open and obvious, it was effectively unavoidable because he needed to walk through the substance in order to walk down the aisle of Defendant's store. (ECF No. 27 at Pg ID 433.) "A hazard is effectively unavoidable if a person, for all practical purposes, is required to confront the hazard." *Jamel v. WBR Kings Arms, LLC*, No. 359763, 2023 WL 457373, at *5 (Mich. Ct. App. Jan. 26, 2023).

> [S]ituations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so. For instance, the *Hoffner* Court found that icy conditions at the entrance of a fitness center were not 'effectively unavoidable,' because there was no actual need for the plaintiff to enter the fitness center on the day in question.

*Id.* (discussing *Hoffner,* 821 N.W.2d 88); *see, e.g., Wright-Burton v. Olympia Dev. of Michigan, LLC*, No. 359032, 2022 WL 17868089, at *4 (Mich. Ct. App. Dec. 22, 2022) (unpublished) (holding that an open and obvious curb was not an

unavoidable risk when plaintiff was at the basketball game for recreational purposes and chose to leave along with a large crowd of people); *Cox v. Am. Multi-Cinema, Inc.,* No. 357588, 2022 WL 16858943, at *5 (Mich. Ct. App. Nov. 10, 2022) (unpublished) (holding that plaintiff was not required to confront the alleged hazard when she could have attended a different theatre to see a movie).

Plaintiff testified that he was able to walk around the pink substance the first time he encountered it when walking down the aisle. This testimony clearly indicates that Plaintiff was not *required* to confront the hazard such that it was effectively unavoidable. *See Jamel*, 2023 WL 457373, at *5. The Michigan Court of Appeals was presented with a similar fact scenario in *Joyce v. Rubin*. 642 N.W.2d 360. There, the plaintiff " . . . specifically testified that, after she slipped twice on the sidewalk, she *walked around the regular pathway* to avoid the slippery condition. Therefore . . . by [the plaintiff's] own testimony . . . she could have used an available, alternative route." *Id*. at 366. (emphasis in original). The court therefore held that the hazard was not effectively unavoidable. *Id*. *See also Reimer v. Redcoat Tavern, Inc.,* No. 338117, 2018 WL 3551612, at *4 (Mich. Ct. App. July 24, 2018) (unpublished) (holding that the hazardous wet floor was not effectively unavoidable because the plaintiff was able to walk around it while exiting the building, so as not to slip for a second time.) As such, there is no question of fact as to whether the pink substance was effectively unavoidable.

11

## CONCLUSION

For these reasons, even drawing all inferences from the evidence in the light most favorable to Plaintiff, the Court finds no genuine issue as to whether the pink substance was open and obvious or effectively unavoidable such that Defendant is liable under a premises liability claim.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART** as to the premises liability claim.

**IT IS FURTHER ORDERED** that Plaintiff show cause within **fourteen (14) days** of this Order as to why his claim of ordinary negligence should not be dismissed.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 21, 2023