UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MCCARVER,

       Plaintiff,

v.                             Civil Case No. 21-11591
                                   Honorable Linda V. Parker

TARGET CORPORATION,

       Defendants.

_____/

## OPINION AND ORDER

On June 2, 2021, Plaintiff Jeffrey McCarver filed this action asserting premises liability and ordinary negligence claims against Defendant Target Corporation. Plaintiff's claims arise from a slip and fall while he was shopping inside a Target store on March 18, 2019. On June 15, 2022, Defendant filed a motion for summary judgment which focused solely on Plaintiff's premises liability claim. (ECF No. 26.) The motion was fully briefed by August 9. (ECF Nos. 27, 28.) On February 21, 2023, this Court issued a decision granting Defendant's motion and ordering Plaintiff to show cause as to why his ordinary negligence claim should not be dismissed. (ECF No. 39.) As to Plaintiff's ordinary negligence claim, the Court found that "a review of the record produces no evidence or allegations of any *affirmative conduct* by a Target employee that would give rise to a claim for ordinary negligence[]" as opposed to a claim for

premises liability.  (*Id.* at Pg ID 639.)  On March 3, Plaintiff filed a "motion for

reconsideration" (ECF No. 40) and response to the show cause order (ECF No.

41).

## Motion for Reconsideration

Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for

reconsideration of final orders or judgments.  Instead, motions seeking relief from

a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e)

or 60(b).  E.D. Mich. LR 7.1(h)(1).  Thus the Court ordinarily construes a party's

"motion for reconsideration" as a motion filed under one or both of these rules.

Plaintiff is not seeking reconsideration of the Court's summary judgment

decision in his motion, however.  Plaintiff does not identify any perceived error of

fact or law in the motion.  In fact, Plaintiff states that he "is not disputing that

decision and will not ask this court to reach a different result under the current

law." (ECF No. 40 at Pg ID 651.)  Instead, Plaintiff's motion is a request to stay

these proceedings until the Michigan Supreme Court decides two matters

reviewing several principles of existing premises liability law: *Kandil-Elsayed v.*

*F&E Oil, Inc.*, 969 N.W.2d 69 (Mich. 2022) and *Pinsky v. Kroger Co. of Mich.*,

972 N.W.2d 256 (Mich. 2022).

2

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)) (citation and internal quotation marks omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A court "must tread carefully in granting a stay of proceeding, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council*, 565 F.2d at 396.

Plaintiff fails to articulate how the Michigan Supreme Court's anticipated decisions in *Kandil-Elsayed* and *Pinsky* are likely to alter the outcome already reached here. This Court is reluctant to stay these proceedings without some argument as to how the issues presented in either case specifically apply to the circumstances presented in this matter. This is particularly so where Plaintiff waited until after the Court issued its summary judgment ruling before seeking a stay.

3

The Michigan Supreme Court granted leave to appeal in *Kandil-Elsayed* and

*Pinsky* in February and April 2022, respectively.  Plaintiff clearly was aware of this

at least when he responded to Defendant's summary judgment motion on July 14,

2022.  (*See* ECF No. 27 at Pg ID 421.)  Yet Plaintiff did not seek a stay then or at

any time during the six months the motion was pending.[1]

It appears Plaintiff decided to gamble to see if this Court would rule in his

favor before risking a delay that might or might not lead to decisions by the

Michigan Supreme Court which improve his chance of success here.  It would

prejudice Defendant to now stay these proceedings after it fully briefed its

summary judgment motion, waited months for a ruling, and prevailed.

For these reasons, the Court denies Plaintiff's request for a stay.

### Plaintiff's Response to the Court's Show Cause Order

As this Court explained in its February 21 decision:

> [T]o survive summary judgment based on an ordinary negligence
> claim in a slip and fall context, a plaintiff must present facts that a
> defendant or its employees engaged in "affirmative conduct" that
> "caused or contributed to plaintiff's injury."  *Ramadan v. Home*

---

[1]  Nor did Plaintiff seek a stay in January of this year, when another judge in this District stayed a premises liability case Plaintiff's counsel filed on behalf of a different client—although notably a case that has not progressed nearly as far as the pending one.  *See* Order Staying Case, *Milenkovski v. Target Corp.* (E.D. Mich. Jan. 23, 2023), ECF No. 20.

> *Depot, Inc.*, 504 F. Supp. 3d 695, 706 (E.D. Mich. 2020) (quoting
> *England v. Meijer, Inc.*[,] No. 322065, 2015 WL 6161735, at *4
> (Mich. Ct. App. Oct. 20, 2015) (holding that plaintiff could not bring
> an ordinary negligence claim by alleging that "defendant had a duty to
> clean up a spill within a reasonable time.").

(ECF No. 39 at Pg ID 639).  Stated differently, an ordinary negligence claim,

unlike a premises liability claim, requires "the overt acts of a premises owner on

his or her premises."  *Kachudas v. Invaders Self Auto Wash, Inc.*, 781 N.W.2d 806,

806 (Mich. 2010) (citing *Laier v. Kitchen*, 702 N.W.2d 199, 209 (Mich. 2005)).

This is because "the duty owed in a general negligence claim is that every person

who *engages in the performance of* an undertaking has an obligation to use due

care or to act so as not to unreasonably endanger the person or property of

another." *Jahnke v. Allen*, 865 N.W.2d 49, 51 (Mich. Ct. App. 2014) (emphasis

added and internal quotation marks and citation omitted).

Finding that neither Plaintiff's Complaint nor the record presented discrete

conduct by Defendant's employees to support his ordinary negligence claim, the

Court ordered Plaintiff to show cause as to why the claim should not be dismissed.

Plaintiff's response to the show cause order simply refers back to allegations in the

Complaint (i.e., "*[a]llowing* the . . . condition to remain on the floor," "*[f]ailing* to

mop, clean, and/or inspect the area," and "*failing* to keep the area in a condition fit

for its intended and foreseeable use") and Defendant's alleged *failure* to inspect the

store as *Grandberry-Lovette v. Garascia*, 844 N.W.2d 178 (Mich. Ct. App. 2014),

indicates "it is obligated to do."  (ECF No. 41 at Pg ID 669-70 (emphasis added).)

As the italicized language reflects, these assertions fail to identify an affirmative

act by Defendant's employees to support an ordinary negligence claim.  *See, e.g.,*

*Ramadan v. Home Depot, Inc.*, 504 F. Supp. 3d 695, 707 (E.D. Mich. 2020)

(holding that the plaintiff's allegation that the defendant failed "to secure the

display bracket, set up the display, and/or monitor the display properly" did not

assert a separate claim for ordinary negligence); *Buhalis v. Trinity Continuing*

*Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (concluding that the

allegation that the defendant's employees caused the dangerous condition—ice

buildup—by failing to clear the ice sounded in premises liability only, and did not

state a case for ordinary negligence); *England v. Meijer, Inc.*, No. 322065, 2015

WL 6161735, at *3-5 (Mich. Ct. App. Oct. 20, 2015) (holding that a claim that the

defendant failed to clean up a known spill "do not illustrate any affirmative

conduct on behalf of [the] defendant or its employees" and sound in premises

liability only).

Plaintiff therefore has not shown why his ordinary negligence claim should

not be dismissed.

**Conclusion**

In summary, the Court declines to stay this action at this late stage of the proceedings to await the Michigan Supreme Court's decisions in *Kandil-Elsayed* and *Pinsky*. The Court therefore **DENIES** Plaintiff's "motion for reconsideration" (ECF No. 40). The Court also holds that Plaintiff's ordinary negligence claim fails as a matter of law. As the Court previously granted summary judgment to Defendant on the only other claim in Plaintiff's Complaint, a Judgment will be entered.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 14, 2023

7