UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MCCARVER,

    Plaintiff,

v.    Civil Case No. 21-11591
      Honorable Linda V. Parker

TARGET CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR TAXATION COSTS (ECF NO. 48)**

In this matter, the Court has granted summary judgment to Defendant on the claims alleged by Plaintiff in his Complaint. (*See* ECF No. 39, 42.) A Judgment against Plaintiff and in favor of Defendant was entered March 14, 2023. (ECF No. 43.) Now before the Court is Defendant's motion for costs. (ECF No. 48.) Defendant seeks costs of $771.65, reflecting charges associated with the deposition of Plaintiff. (*See* ECF No. 48-6.)

Federal Rule of Civil Procedure 54(b) states, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Nevertheless, the Sixth Circuit interprets

the rule as granting courts the discretion to deny costs. *Id.* "The exercise of such discretion is not beyond review[,]" however. *Id*. (citations omitted).

The Sixth Circuit has identified several instances where a court should deny costs to the prevailing party:

> Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult".

*Id*. (internal citations omitted). A court may consider "the good faith the losing party demonstrates in filing, prosecuting or defending [the] action" and "the propriety with which the losing party conducts the litigation." *Id*. (citation omitted). However, "[g]ood faith without more . . . is an insufficient basis for denying costs to a prevailing party." *Id*. at 731. The size of the successful litigant's recovery and its ability to pay its own costs should be ignored when deciding whether to award costs. *Id*. (citation omitted). Finally, Eastern District of Michigan Local Rule 54.1 requires a party seeking costs to file its request "no later than 28 days after the entry of judgment."

This Court does not find circumstances warranting a denial of Defendant's timely request for costs in its entirety. However, the Court finds some of the amounts requested unnecessary and/or unrecoverable.

2

Local Rule 54.1 provides that costs will be assessed in accordance with the Bill of Costs Handbook. E.D. Mich. LR 54.1. According to the handbook. transcripts used in support of a motion are taxable, as are the court reporter fees for attendance, travel, postage, and delivery. *See* http://www.mied.uscourts.gov/PDFFIles/BillofCostsHandbook.pdf ("Handbook") at II.C.1.d, f, g. Some Districts find second copies and condensed versions of transcripts not taxable unless a need is shown, other than the convenience of counsel. *See, e.g.*, *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012); *EEOC v. AutoZone, Inc.*, 822 F. Supp. 2d 824, 839 (C.D. Ill. 2011) (citations omitted) ("A number of cases have held that costs for condensed transcripts and/or ASCII disks are not recoverable, primarily because enhanced transcripts and ASCII disks are prepared for counsel's convenience and are duplicative of the paper transcript"); *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980-81 (N.D. Ill. 2003) (citing caselaw supporting the conclusion that second copies of transcripts which are only for convenience are not recoverable). In contrast, the Bill of Costs Handbook indicates that the cost of one copy of a transcript is taxable where the transcript itself is taxable. Handbook at II.C.1.k. However, the invoice provided by Defendant reflects a $55.00 charge for

"Litigation Technology, Support and Security Management" which the Court does not find taxable.

Thus, Defendant's motion for taxation of costs is **GRANTED IN PART AND DENIED IN PART** in that the Court taxes costs in favor of Defendant and against Plaintiff in the amount of $716.65

    **SO ORDERED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: July 17, 2023